# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-895V
Filed: June 6, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
PAULA F. HOLLAND,                      *
                                       *
               Petitioner,             *
                                       *
v.                                     *
                                       *     Attorneys' Fees and Costs;
SECRETARY OF HEALTH                    *     Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
               Respondent.             *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for petitioner.
*Linda S. Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 23, 2014, Paula F. Holland ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") and GBS-caused chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving the influenza ("flu") vaccine on October 2, 2012. Petition at 1. On November 15, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 44).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 1, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 48). Petitioner requests attorneys' fees in the amount of **$64,960.00**[3] and attorneys' costs in the amount of **$2,821.19** for a total amount of **$67,781.19**. *Id.* at ¶¶ 3-5, 8. In compliance with General Order #9, petitioner has filed a signed statement indicating she incurred no out-of-pocket expenses.[4]  *See* Fourth Attachment to Pet. Motion (ECF No. 48-4).

On February 2, 2017, respondent filed a response stating respondent has no objection to petitioner's motion.  (ECF No. 49).  Respondent cautions, however, that his lack of objection "should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request.  Because the undersigned had some concerns regarding specific billing entries, she directed the OSM staff attorney managing this SPU case to hold a call with the parties to discuss these concerns.  *See* Status Conference held June 6, 2017. However, the undersigned finds no reason to reduce the amount of attorneys' fees requested, particularly in light of petitioner's counsel's voluntary waive of some fees (*see supra* note 3) and respondent's lack of objection to the overall amount sought.  In the undersigned's experience, the request appears reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Accordingly, the undersigned awards **$64,960.00** in attorneys' fees and **$2,821.19** in attorneys' costs for a total award of **$67,781.19**[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Matthew F. Belanger.

---

[3] Petitioner's counsel agreed to waive a portion of the attorneys' fees incurred in this case.  Specifically, counsel waived all fees incurred by his support staff in this case, and a portion of the hours he expended. Pet. Motion at ¶ 4.  Regarding travel time, petitioner's counsel either waived any travel time or reduced it by one-half, following the general practice in vaccine proceedings of reimbursing travel time at a rate which is one-half an attorney's usual hourly rate unless substantive work is performed during that time. *Id.* at ¶ 5; *see Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009).

[4] Additionally, in accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. Pet. Motion at ¶ 6.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.